# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:16-cr-13-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **JAMES DIXON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Modify Sentence to Run Supervised Release Concurrent with State Sentence. (Doc. No. 726). The Government filed a response opposing the motion on May 6, 2020.

## I. BACKGROUND AND DISCUSSION

On January 20, 2016, Defendant was charged with one count of conspiracy to distribute crack cocaine and four counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Defendant pleaded guilty on May 18, 2016, to Count One in the indictment, conspiracy to distribute crack cocaine. On July 26, 2016, this Court sentenced Defendant to a 16-month term of imprisonment, followed by three years of supervised release. In the judgment, the Court ordered that Defendant's federal term of imprisonment should run concurrent to Defendant's nine-month sentence stemming from a post-release supervision revocation from Mecklenburg County, North Carolina, (05CRS 213026, 05CRS 36941).

According to North Carolina records, Defendant's post-release supervision revocation was entered on January 11, 2016. See (Doc. No. 731-1). On August 22, 2016, Defendant was convicted in Mecklenburg County, North Carolina, of Felony Breaking and Entering, Felony

Larceny, and Habitual Felon status and was sentenced to 77-105 months' imprisonment, (15CRS 244885, 244888 and 16CRS 8411). Defendant is currently incarcerated in North Carolina state prison with a projected release date of March 23, 2023. Defendant filed the pending motion on April 8, 2020, seeking to have his federal term of supervised release run concurrently with his state court sentence.

18 U.S.C. § 3624(e) states that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection for a Federal, State, or local crime unless the imprisonment is less than 30 consecutive days." Thus, a defendant's federal term of supervised release cannot run while a defendant is serving a sentence in state prison. See Mont v. United States, 139 S. Ct. 1826, 1832 (2019) (holding that a defendant's pre-trial detention period lasting longer than 30 days and later counted for time-served credit on a new conviction tolls a supervised release term). Here, Defendant is serving a multi-year prison sentence in state prison. If he were to receive credit for supervised release during the prison sentence, his supervised release term would be essentially eviscerated. As the Supreme Court reasoned in Mont v. United States, [t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release because supervised release has no statutory function until confinement ends." Id. at 1833 (internal quotations omitted). Thus, the Court will deny Defendant's motion.

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Modify Sentence to Run Supervised Release Concurrent with State Sentence, (Doc. No. 726), is **DENIED**.

Signed: May 8, 2020

Max O. Cogburn Jr.
United States District Judge